UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------- X

ASAD GILANI,                                    :
                                                :        23 Civ. 4755 (JMF) (GS)
                            Plaintiff,          :
                                                :               ORDER
            - against -                         :
                                                :
DELOITTE LLP, et al.,                           :
                                                :
                            Defendants.         :
                                                :
                                                :
                                                :
---------------------------------------------------------------------------------- X

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Asad Gilani, who is proceeding in this action *pro se*, filed four

separate motions in the span of eight days that are currently pending before the

Court.  (Dkt. Nos. 147, 148, 154, 158).  Having reviewed Plaintiff's submissions, as

well as Defendants' responses thereto (Dkt. Nos. 152, 155, 159), the Court has

serious concerns about Plaintiff's litigation conduct.  It is evident from these

submissions that Plaintiff has repeatedly made unreasonable demands of

Defendants' counsel and, when these are unsatisfied, he immediately turns to the

Court with baseless requests for relief and unfounded accusations against

Defendants' counsel.  For instance, after Defendants declined to execute the

undersigned's model protective order within a 24-hour deadline arbitrarily imposed

by Plaintiff, he moved the Court to compel Defendants to execute it.  (*See* Dkt. Nos.

154 & 155).

Likewise, in his pre-motion letter, Plaintiff asserted that Defendants' counsel

1

"does not want to meet and confer" prior to the parties' Initial Case Management

Conference scheduled for November 12, 2024.  (Dkt. No. 146).  Yet, based on

Plaintiff's later filings, it appears Defendants' counsel emailed Plaintiff three days

before he filed his pre-motion letter indicating Defendants' desire to meet and

confer and proposing a date more than three weeks in advance of the conference.

(Dkt. No. 157-1).  Nevertheless, because that date was not as soon as Plaintiff liked,

he unilaterally concluded that Defendants "failed to meet and confer" (*id.* at 2), filed

a proposed case management plan on his own behalf (Dkt. No. 150), and informed

Defendants that this issue is now "out of [his] hands" (Dkt. No. 157-1 at 2).

Plaintiff's *pro se* status does not excuse the unwarranted burden he has

placed on the Court and Defendants' counsel through his conduct.  Nor does his *pro

se* status prohibit the Court from imposing sanctions as a result.  Indeed, following

Plaintiff's "ceaseless *ex parte* phone calls" to the Court earlier in this action, Judge

Furman warned Plaintiff that continuing this conduct may result in sanctions.

(Dkt. No. 111).  *See also, e.g.*, *Uppal v. W. Express, Inc.*, No. 15 Civ. 9976 (AT)

(RWL), 2019 WL 2450794, at *7 (S.D.N.Y. Feb. 27, 2019), *R&R adopted*, 2019 WL

1434234 (S.D.N.Y. Apr. 1, 2019) (imposing sanctions on a *pro se* litigant in the form

of dismissing her claims altogether due to a history of "frivolous and vexatious

conduct").

**Accordingly, Plaintiff is hereby advised that continuing to file**

**frivolous motions and engage in the type of vexatious conduct described in**

**this Order may result in sanctions, including a recommendation to Judge**

**Furman that this action be dismissed**.  The Court now turns to Plaintiff's

pending motions.

**A.      Plaintiff's Motion to Strike Defendants' Affirmative Defenses**

Plaintiff filed his motion to strike on October 14, 2024, asserting that

Defendants' Affirmative Defenses (i) fail to provide him with fair notice, as required

by Fed. R. Civ. P. 8; and (ii) are improper under Fed. R. Civ. P. 12(f) because they

"are not affirmative defenses at all," but rather "[d]efenses that merely deny or

attempt to rebut Plaintiffs' [sic] allegations," *i.e.*, "negative defenses."  (Dkt. No. 147

at 2, 8).

Plaintiff's motion relies solely on case authority outside this Circuit and is

defective for that reason alone.[1]  In the Second Circuit, "[t]o succeed on a motion to

strike an affirmative defense, Plaintiff must 'show that: (1) there is no question of

fact which might allow the defense to succeed; (2) there is no question of law which

might allow the defense to succeed; and (3) the plaintiff would be prejudiced by

inclusion of the defense.'"  *Hylton v. Hasten Beds, Inc.*, No. 19 Civ. 662 (VSB), 2024

WL 1526153, at *2 (S.D.N.Y. Apr. 9, 2024) (quoting *GEOMC Co. v. Calmare*

*Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019)); *accord Town & Country Linen*

*Corp. v. Ingenious Designs LLC*, No. 18 Civ. 5075 (LJL), 2020 WL 3472597, at *5

---

[1] Specifically, Plaintiff relies on Ninth Circuit precedent in support of his motion, repeatedly mischaracterizing federal courts in California as courts "in this district.".  (*See e.g.*, Dkt. No. 147 at 8–9, 11, 16).  While the Court recognizes Plaintiff is proceeding *pro se*, he has demonstrated his ability to access legal databases like Westlaw, which are not limited to Ninth Circuit authority.  (*See id.* at 9–11, 16 (citing cases by reference to their Westlaw numbers)).  Further, Plaintiff has cited Second Circuit law in other filings in this case.  (*See* Dkt. No. 77 at 10–11; Dkt. No. 98 at 1 n.1; Dkt. No. 109 at 1–2; Dkt. No. 129 at 2).

(S.D.N.Y. June 25, 2020).  Motions to strike "are generally disfavored and granted

only if there is strong reason to do so."  *Holland v. Lions Gate Ent. Corp.*, No. 21

Civ. 2944 (AT), 2023 WL 3554447, at *1 (S.D.N.Y. Apr. 12, 2023) (citation omitted).

　　　Plaintiff makes none of these showings.  Defendants' Affirmative Defenses

need not include factual detail at this stage of the litigation.  *See, e.g.*, *Hylton*, 2024

WL 1526153, at *3 ("To the extent that Defendants' affirmative defenses lack

factual detail, that is because additional factual detail needed to be developed

through the discovery process.").  Nor are the Affirmative Defenses improper to the

extent they rest on grounds that would negate elements of Plaintiff's claims.  *See,*

*e.g.*, *Town & Country Linen*, 2020 WL 3472597, at *5 ("[C]ourts have recognized the

inherent imprecision involved in the assertion of affirmative defenses, such that the

cautious pleader is justified in setting up as affirmative defenses anything that

might possibly fall into that category, even though that approach may lead to

pleading matters as affirmative defenses that could have been set forth in simple

denials.") (cleaned up).

　　　Further, although Plaintiff claims prejudice because "conducting discovery to

address these spurious defenses would impose costs and burdens" on him (Dkt. No.

147 at 16), he has not demonstrated that any of the Affirmative Defenses are

"spurious" or relate to issues that would not properly be the subject of discovery in

this action.  "Mere assertions [of prejudice] such as those advanced by Plaintiff here

are insufficient," and "[a]bsent a showing of prejudice, the motion to strike must be

denied."  *Hylton*, 2024 WL 1526153, at *3 (citation omitted).

B.    **Plaintiff's Motion for Leave to File a Fourth Amended Complaint**

On October 15, 2024, Plaintiff submitted a motion for leave to amend his

Complaint for a fourth time.  (Dkt. Nos. 148 & 149).  Plaintiff's motion follows

Judge Furman's September 4, 2024 Order granting in part and denying in part

Defendants' Motion to Dismiss.  (Dkt. No. 130).  In this ruling, Judge Furman

permitted Plaintiff to proceed with his disability discrimination and retaliation

claims, but dismissed his age discrimination and ERISA claims, as well as all

claims against Mans Jabal.  (Dkt. No. 130 at 15).  Judge Furman held that "[w]ith

respect to these dismissed claims, the Court denies Gilani leave to further amend,"

noting "the Court granted Gilani leave to amend three times already" and explicitly

warned Plaintiff (for the second time) that he "will not be given any further

opportunity to amend the complaint to address issues raised by the motion to

dismiss."   (*Id.* (citing Dkt. Nos. 62, 86, 101)).

Plaintiff moved for reconsideration of Judge Furman's September 4 Order

based on "New Evidence" (Dkt. No. 142), which Judge Furman denied in an Order

dated September 26, 2024 (Dkt. No. 143).  The September 26 Order provides, in

relevant part:

> The purported pieces of "new evidence" offered in support of
> Plaintiff's motion for reconsideration do nothing to alter the
> Court's conclusion that Plaintiff failed to state a claim for
> discrimination or retaliation on the basis of age.  *See* ECF No.
> 130, at 7-9.  At best, they pertain to his claims for disability
> discrimination and retaliation, which were *not* dismissed.

(Dkt. No. 143; emphasis in original).

In support of his instant motion to amend, Plaintiff now cites to the same

"new evidence" he submitted to Judge Furman in support of his motion for reconsideration. Specifically, Plaintiff now seeks to again add Mans Jabal as a Defendant on the basis that Plaintiff sent Jabal an email on December 13, 2021 threatening to report him to HR for discrimination. (Dkt. No. 148 at 2; Dkt. No. 149 at 3; Dkt. No. 149-1 ¶ 102-1). Plaintiff, however, already attached a copy of this exact email to his motion for reconsideration. (Dkt. No. 142-1). Plaintiff's request to add Jabal as a defendant is therefore foreclosed by Judge Furman's prior Orders and is denied.

Plaintiff's proposed Fourth Amended Complaint also seeks to add additional factual allegations supporting his disability-related claims. (Dkt. Nos. 148 at 1 & 149-1 ¶¶ 102-2 to 102-5, 102-7 and 102-9 to 102-13). But now that these claims have survived Defendants' motion to dismiss, there is no need to add these factual allegations to Plaintiff's pleading. He may rely on those facts, as appropriate, as evidence in support of his claims. *See, e.g.*, *Hallmark v. Cohen & Slamowitz, LLP*, 299 F.R.D. 407, 410 (W.D.N.Y. 2014) (leave to amend "need not be granted where the allegations the plaintiff seeks to add are unnecessary to support the asserted claims").

Finally, Plaintiff seeks to add as Defendants "Deloitte Transaction and Business LLP" and "Deloitte Canada LP." He contends that certain of the individual Defendants were employed by these entities and that they constitute a "joint employer" along with the other named entity Defendants. (Dkt. Nos. 148 at 1 & 149-1 ¶¶ 102-6, 102-9, 102-14). If Plaintiff can articulate an adequate basis to

add these two entities as Defendants at the parties' Initial Case Management

Conference, the Court will consider allowing Plaintiff to move to amend his

complaint, but only in this particular respect.

**C.      Plaintiff's Motion to Compel Defendants to Execute a Protective Order**

On October 17, 2024, Plaintiff emailed Defendants' counsel, demanding

Defendants execute the undersigned's Model Stipulation and Protective Order "by

end of Business" that day.  (Dkt. No. 154-1).  Defendants' counsel responded to

Plaintiff's email on October 18, 2024, the next day, explaining that "[w]hile there is

no dispute to use the form order, [they] would like to clarify a few provisions" with

the undersigned at the parties' Initial Case Management Conference.  (Dkt. No.

154-3).  Less than two hours later, Plaintiff filed a motion requesting that the Court

compel Defendants to execute the undersigned's Model Stipulation and Protective

Order.  (Dkt. No. 154).  As Defendants note (Dkt. No. 155), Plaintiff provided no

explanation as to why he demanded they act with such urgency, or why he could not

wait until after the parties' Initial Case Management Conference.  Plaintiff's

conduct is plainly unreasonable, as discussed above, and his motion is denied.

Defendants will have the opportunity to raise these questions at the Initial Case

Management Conference on November 12, 2024.

**D.      Plaintiff's Motion for a Medical Protective Order**

On October 22, 2024, while Plaintiff's motion to compel Defendants to execute

the undersigned's Model Stipulation and Protective Order was still pending,

Plaintiff separately filed a motion requesting the Court issue a "Medical Protective

Order" and attached a proposed order. (Dkt. Nos. 158 & 158-1). Plaintiff makes this request in order to maintain the confidentiality of a decision by the Social Security Administration pertaining to his application for disability benefits (the "SSA Decision"). (*See id.*).

Defendants' counsel represents, however, that Plaintiff emailed a copy of the SSA Decision to them on September 25, 2024, without any request for counsel to withhold the document from their clients. (Dkt. No. 159). Moreover, as Defendants also point out, Plaintiff filed the SSA Decision publicly in this action on the same day that he emailed it to counsel, and then did so again the very next day. (Dkt. Nos. 141-4 & 142-4). Plaintiff asserts that this was a mistake and represents he requested that the filing "be restricted," but without specifying when he made that request or to whom. (Dkt. No. 158).

A brief review of the docket in this action confirms that Plaintiff never properly made any request to strike or seal his filing from public view. Nevertheless, the Court is willing to discuss this issue further at the parties' Initial Case Management Conference. Plaintiff's unilateral request for a medical confidentiality order, however, is denied.

\* \* \*

The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 147, 148, 152, 154, and 158.

**SO ORDERED.**

DATED:    New York, New York
            October 30, 2024

_____
The Honorable Gary Stein
8    United States Magistrate Judge