UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------- X

                             :

ASAD GILANI,                       :        23 Civ. 4755 (JAV) (GS)

                             :

               Plaintiff,       :            ORDER

                             :

        - against -         :

                             :

DELOITTE LLP, et al.,      :

                             :

            Defendants.   :

                             :

-------------------------------------------------------------------------------- X

**GARY STEIN, United States Magistrate Judge:**

Since the November 12 and 15, 2024 case management conferences before the undersigned, the Court has received a flurry of submissions from the parties—no fewer than 17—most of which are from Plaintiff. (*See* Dkt. Nos. 172, 176–180, 182, 184–87, 196–97, 201–03, 205). These submissions, like other filings in this case, have placed a substantial and unwarranted burden on the Court. Rather than conferring in good faith to resolve discovery disputes *without* Court intervention, the parties have turned to the Court with what appears to be every single aspect of discovery they have discussed in the last month. Indeed, it seems as if every email the parties have sent to each other since the November conferences is now filed on the docket as an attachment to one or another of the 17 submissions.

Moreover, nearly three weeks after the parties raised a dispute over the terms of a protective order, and while this dispute was pending before the Court, Plaintiff filed his most recent letter, indicating most of this dispute is now moot. (*See* Dkt. No. 205). While an amicable resolution such as this is undoubtedly encouraged—and constitutes the product of good faith efforts to meet and confer—the parties were obligated to make these efforts *prior to raising*

*this dispute with the Court.*  Because that did not happen, the parties' prior submissions have

unacceptably wasted the Court's time.  *See, e.g.*, *Silberman v. Innovation Luggage, Inc.*, No. 01

Civ.7109 (GELDF), 2002 WL 31720481, at *1 (S.D.N.Y. Dec. 3, 2002) (counsel's "complete

inability to confer in good faith to resolve discovery disputes" caused them "to burden the Court

with what, for the most part, appear[ed] to be petty discovery quarrels that should not require the

Court's intervention"); *Brown v. Hearst Corp.*, No. 3:14-cv-1220-VLB, 2015 WL 5923541, at *1

(D. Conn. Oct. 9, 2015) ("'private ordering of civil discovery'" is "'critical to maintaining an

orderly federal system'" and "'it is no exaggeration to say that the federal trial courts otherwise

would be hopefully awash'") (quoting 6 Moore's Federal Practice § 26.101(1)(a))).

The Court will address any outstanding disagreements over the protective order and the

parties' submissions concerning Plaintiff's discovery demands and nonparty subpoenas (Dkt.

Nos. 201 & 203) at the conference scheduled for December 18, 2024.  The Court now turns to

the various other disputes raised in the parties' submissions.

A.      **ESI Protocol**

At the November 15 conference, Plaintiff unequivocally agreed to the general production

of ESI in the form of searchable PDF files, with the exception of Excel files, which both parties

were agreeable to producing in native format.  (Nov. 15 Conf. Tr. at 39:4–10 ("The rest of the

files going forward, what I request, you can just send me PDF, and I can send you PDF . . . You

can provide me searchable PDF.  I'm okay with that if you're okay."); *id.* at 16–19).  While the

Court directed the parties to enter into an ESI protocol for the purpose of memorializing this

agreement, it is evident from the parties' letters and correspondence attached thereto that this is

not a productive exercise.  Plaintiff has proposed expansive ESI protocols that are not tailored to

this litigation or his own resources as a *pro se* litigant and has completely rebuffed Defendants'

more limited proposals.  (*See* Dkt. No. 179-7; Dkt. No. 187).

It is also evident from the parties' submissions that Plaintiff now seeks metadata associated with emails that is unavailable if the emails are produced as PDFs, despite his agreement to this production format at the conference.  (*See, e.g.*, Dkt. No. 197).  In an effort to provide Plaintiff with access to this metadata, Defendants indicated that they were willing to produce TIFF files.  (*See* Nov. 15 Conf. Tr. at 37:5–18).  Defendants, however, have repeatedly expressed concern to Plaintiff that he would not be able to access these files, and Plaintiff has repeatedly declined to provide Defendants with information sufficient to allay this concern.  (*See id.*; Dkt. No. 187).  Instead, Plaintiff now demands that Defendants produce emails as .msg files, which Defendants have reasonably refused to do, as this would mean the production of live emails that Plaintiff could potentially respond to or forward, or otherwise engage with the chain participants.  (*See* Dkt. No. 187).

Based on the unproductive discussions between the parties, the Court no longer requires the parties to enter into an ESI protocol.  The Court instead directs Defendants to produce emails and all other ESI (aside from Excel files) in searchable PDF format, as Plaintiff agreed to at the conference.  Defendants are further directed to engage in a good faith effort to provide Plaintiff with reasonably accessible metadata associated with emails, such as by exporting the metadata into an Excel file that corresponds with each email chain.  If Defendants find this is not feasible for any reason, they are directed to promptly inform the Court in a written submission.

**B.**     **The Defendants to this Action**

The parties raise three separate concerns regarding the proper defendants to this action. First, the Court advises Plaintiff that any individual or entity that has not been served and is thus not listed at the top of the docket as a defendant is not a defendant to this action.  Accordingly, as

Defendants point out, the following individuals or entities are not defendants: Raj Mehta; Rahul Chodavarapu; Ashim Kumar; Sankar Prabhukumar; Deloitte Financial Advisory Services, LLP; and Canada Consulting LLP.  (*See* Dkt. No. 172 at 2).

Second, Defendants request that the Court terminate three entities that Plaintiff asserted only ERISA claims against pursuant to the Court's September 4, 2024 Order dismissing Plaintiff's ERISA claims.  (Dkt. Nos. 130 & 184).  Defendants' request is granted and the Clerk of Court is instructed accordingly at the conclusion of this Order.

Third, Plaintiff requests an extension of time to file a motion for reconsideration of the undersigned's ruling at the conference denying Plaintiff's request to add Deloitte Transaction and Business, LLP, and Deloitte Canada, LP, as defendants.  (Dkt. No. 196).  That request is denied as moot because the Court did not set a deadline to file a motion for reconsideration. Nevertheless, Plaintiff should be aware that none of the many submissions from him discussed in this Order contain law or facts that would be a basis for the undersigned to reconsider the ruling on this issue.

## C.    **Discovery Deadlines**

Plaintiff requests the same period of time to respond to interrogatories and requests for production that is afforded to Defendants.  (Dkt. No. 172 at 1).  Defendants do not object to this request.  (Dkt. No. 184 at 1).  It is likewise acceptable to the Court and will be incorporated into a case management plan issued separately, as well as Plaintiff's unopposed request for his deposition to be conducted after written discovery is substantially complete.  (Dkt. No. 172 at 2; Dkt. No. 184 at 1).

## D.    **Settlement Conference**

Plaintiff is advised a settlement conference has not yet been scheduled in this action.  It

was agreed that the parties would confer with each other and inform the Court as to when they

believe a settlement conference would be productive.  (Nov. 15 Conf. Tr. at 50:22–25).  Because

there was discussion about a potential settlement conference in February, the Court suggested

converting the January 23, 2025 *status* conference into a *pre*-settlement conference at the parties'

request.  The undersigned typically conducts pre-settlement telephone conferences with litigants

prior to a settlement conference to discuss issues pertinent to settlement, as well as scheduling

and other logistics related to the settlement conference.  *See* Settlement Conference Procedures,

available at https://www.nysd.uscourts.gov/hon-gary-stein.[1]

The Court is pleased that it appears both parties agree a relatively early settlement

conference in this matter would be productive.  (Dkt. No. 184 at 2; Dkt. No. 185 at 2).  The

Court will discuss the timing of a settlement conference at the parties' upcoming telephone

conference on Wednesday, December 18, 2024.

**E.      ADA Accommodations**

Plaintiff's request for ADA accommodations is granted.  (Dkt. No. 202).  To the extent

Plaintiff has specific requests for accommodations in this case, he may discuss these as well at

the parties' upcoming conference.

* * *

The Clerk of Court is respectfully directed to remove the following parties from the

docket in this action: (1) Deloitte Retirement Committee, as Plan Administrator for the Deloitte

Pension Plan; (2) Deloitte Retirement Committee, as Plan Administrator for the Deloitte for the

Deloitte 401(k) Plan; (3) Deloitte LLP as Plan Administrator of Deloitte LLP Group Insurance

Plan.

---

[1] To the extent Plaintiff maintains his request for Defendants to arrange for round-trip Uber transportation from his home to the courthouse for a settlement conference (Dkt. No. 172 at 3), that request is denied.

The Clerk is further directed to close the motions pending at Docket Numbers 196

and 202.

**SO ORDERED.**

DATED:      New York, New York
            December 17, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge